STATE, JOHN P. HUTCHINSON ET AL., PROSECUTORS, v. CITY OF TRENTON.

1. Under Section 85 of the charter of Trenton, (*Pamph. L.* 1874, *p.* 84,) an advertisement of sale "for benefits arising and for money laid out and expended," &c., instead of "for so much money laid out and expended," is not irregular; and "the shortest period of time" is equivalent to "the lowest term of years."

2. The treasurer of the city may sell and purchase lots, by resolution of the common council directing him to make sale, under Section 83 of the charter and Section 7 of the supplement of 1875. *Pamph. L.*, *p.* 346.

3. This power may be delegated to the treasurer as a ministerial duty, for which agents or committees may be appointed.

On *certiorari*, to review a sale of lots made by the treasurer of the city of Trenton, under and by virtue of a resolution of the common council of said city, for the non-payment of assessments made for the laying out and opening of West

Hanover street from Willow street to Warren street, and all proceedings upon which said sale was founded.

Argued at June Term, 1879, before Justices DEPUE and SCUDDER.

For the prosecutors, *W. D. Holt* and *G. D. W. Vroom.*

. For the defendant, *E. L. Campbell.*

The opinion of the court was delivered by

SCUDDER, J.   The first reason assigned for setting aside the sale is that the advertisement was not in conformity with the provisions of the charter, in that it says the sale was to be made to pay the amounts due the city for unpaid assessments " for benefits arising from the laying out and opening of West Hanover street, and for money laid out and expended on the same in laying out and opening said street."

Section 83 of the charter (*Pamph. L.* 1874, *p.* 84,) directs how assessments for benefits to property by public improvements shall be collected, and provides that the city may sue for and recover of each person so assessed his or her propor-portion of said assessment, with interest and costs, by an action of debt for so much money laid out and expended by them for the use of such person; or having first advertised in two newspapers published in said city, for the space of two months, once at least in each week, giving notice of the time and place of sale, together with a description of the lot by the letter and number by which it is designated on the city atlas, and specifying the amount of money so laid out and expended.   The money so laid out and expended is obviously for the object of the assessment, which was for benefits conferred on the lands of the property owners.   This is the subject of several preceding sections, and, in this connection, there is no departure from the prescribed terms of the advertisement to say that the sale was to be made " for benefits arising," &c., " and for money laid out and expended."   It

merely supplies the meaning of the word "so," when used with the following words, "laid out and expended."

The criticism is too nice, and without merit. The same may be said of another objection, that the advertisement is for a sale for "the shortest period of time," instead of "the lowest term of years," &c., in the words of the charter. The terms are plainly equivalent, and certainly no one could be misled by the difference, nor could the prosecutors possibly suffer any harm by the change of words.

The reason assigned for reversal—that the city became the purchaser—is answered by Section 7 of the supplement of 1875, (*Pamph. L.*, *p.* 346,) which authorizes a sale to the city for fifty years, where there is no responsible bidder for the land.

The reply that this section relates to later assessments than this, is opposed by the decision of this court in the same assessment. *State, Bartlett, pros.,* v. *Trenton,* 9 *Vroom* 64.

This case also explains and decides the former objections, as the facts appear to be therein stated.

The last reason is that the city treasurer made the sale and purchase for the city. Section 83 of the charter of 1874 says that the said "inhabitants of the city of Trenton" may sue for and recover the assessments, &c., or may sell at public sale, &c.; and Section 7 of the supplement of 1875 says it shall be lawful at any sale or adjourned sale to cause the said lot to be struck off to the inhabitants of the city of Trenton, for the term of fifty years. This is the authority given to the common council respecting the inhabitants of the city. The council, by resolution dated February 5th, 1878, authorized and required the treasurer of the city to immediately advertise and sell these lots, and collect the assessments, with interest and costs, according to the provisions of the city charter, &c. This sale was made by the treasurer under the authority so given, and, in the absence of any bidders, he caused the lots to be struck off to the city. He acted according to the directions given him, and the only question is whether the common council could delegate the authority to sell, to him.

This depends upon the construction which shall be put upon the act performed by him. If it was a judicial act, it could not be delegated by the common council; if it was merely ministerial, then it might be delegated. *Parker* v. *New Brunswick*, 1 *Vroom* 395; *State, Danforth, pros.*, v. *Paterson*, 5 *Vroom* 163; *Dillon on Mun. Corp.*, § 60.

While municipal powers requiring the exercise of discretion cannot be delegated, yet such corporations may appoint agents and committees to discharge duties of an administrative or ministerial character.

In this case, the treasurer is only required and authorized to advertise and sell the lands assessed. It is argued, however, that the clause in the seventh section which enacts that, if there should be no responsible bidder for the land, then the lot may be struck off to the city, involves judgment and discretion, which must be exercised by him in determining the responsibility of the bidder. But an auctioneer or crier, who is only a ministerial agent, is constantly required to accept or reject bids, as the bidders may be responsible or otherwise.

By the common law, the duly appointed deputies and bailiffs of the sheriff exercise the powers of the sheriff over the duties confided to them; and since the act making lands liable to sale for the payment of debts was passed, in 1799, and authorizing sheriffs to make sale of the same under execution, his special agents, duly appointed in writing, have, without question, exercised this power. *Meyer* v. *Patterson*, 1 *Stew.* 239. The inhabitants of the city of Trenton, who, in their charter, act by their common council, can by them appoint suitable agents to make sale of lands assessed for benefits; and such agents act ministerially, and not judicially.

The treasurer, who, by Section 39 of the charter of 1874, (*Pamph. L., p.* 352,) is required to perform such duties appertaining to his office as may be required of him by law, or by any ordinance or resolution of the common council, and who, by virtue of his office, is required to receive and disburse moneys coming from assessments made upon lands, is a very suitable person to be employed by the common council

to make sales of lands for the collection of such moneys; and neither in the exercise of their discretion, nor in their legal authority, by resolution to appoint him to make such sales, have they committed any error.

The writ of *certiorari* will be dismissed, with costs.